Nelson, J.,
delivered the opinion of the Court.
The presentment charges that “the Louisville and Nashville Turnpike Company, a body corporate, and owning and controlling a turnpike road in the county afore *130 said, on the 1st day of June, did then and there, fail to put up a sign marked, ‘Look out for the cars when you hear the whistle or bell/ at the crossing of the turnpike road with the Louisville and Nashville Railroad, contrary to the form of the statute,” &c. Defendant demurred to the presentment. The demurrer was overruled, judgment pronounced, and an appeal prosecuted to this Court.
The case of The State v. Mayor and Aldermen of Loudon, 3 Head, 263, has been cited as an authority to support the action of the court below, and certainly goes far to sustain it, as it holds that a municipal corporation is an overseer within the meaning of the Code, 1116, sub-sec. 2, which is almost identical 'with section 1223, under which this presentment was framed. That section declares that “every overseer of a public road shall put up, at every crossing of any railroad and such public road, a sign, marked, ‘Look out for the cars when you hear the whistle or bell/ and the County Court shall appropriate money to defray the expenses of such sign.” The succeeding section subjects the overseer to presentment or indictment.
While we have no doubt that the owners of a turnpike road ought to be required to perform the same duty imposed upon the overseer of common roads, in putting up the sign described, we hold that the case in 3 Head goes to the very verge of the law, if not entirely beyond it. The statute evidently relates to the overseers of common roads, upon which overseers are annually appointed by the County Courts, under the Code, 1198. It does not embrace a turnpike chartered *131 by tbe Legislature as private property, and upon wliicli no overseers are appointed by the County Courts. The provision, that the County Courts shall appropriate money to defray the expenses of the sign, conclusively shows that the statute had reference to county roads proper. Had it been otherwise, such expenses might and should have been provided for in the charter,
We are not disposed to create crimes or misdemeanors, by judicial construction; and therefore adhere to the well-known rule, that penal statutes shall be construed strictly: 1 Sharsw. Bl. Com., 88, m.; Sedgw. on Stat. and Con. Law, 324; Dwarris, 634, m.
Let the demurrer be sustained, and the judgment reversed.